### THE HOG ISLAND.

### SGOBEL & DAY v. EXPORT S. S. CORPORATION.

### CUNEO et al. v. SAME.
### Nos. 237, 238.

Circuit Court of Appeals, Second Circuit.
March 16, 1931.

Finkler & McEntire, of New York City, for appellants.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (L. DeGrove Potter and Michael F. Whalen, both of New York City, of counsel), for appellee.

Before L. HAND, CHASE, and MACK, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

As the damage to these chestnuts was due to heat, decay, putrefaction, and sweat, it falls within the exceptions to the bills of lading, and the vessel is not liable unless it is proved that the heat, decay, putrefaction, and sweat was caused by its negligence. The Toyohashi Maru (D. C.) 13 F.(2d) 871; The Florinda (C. C. A.) 31 F.(2d) 262; The Bencleugh (C. C. A.) 10 F.(2d) 49.

Whether the stowage was negligent or not and whether the holds in which the chestnuts were stowed were suitable for such cargo and equipped with adequate means of ventilation were questions of fact. Expert witnesses, well qualified to know, testified that the ventilation supplied was ample for such goods and that the stowage was not negligent. The evidence to the contrary, notwithstanding that these chestnuts were damaged, falls short of carrying the burden as to negligent stowage and leaves the proof of seaworthiness for

the purpose of carrying these goods abundantly established. The lower court so found, and the record supports it.

There has been some suggestion that the sweating was caused by disease in the chestnuts and by wetting of the bags before they were laden on the ship. We do not undertake to determine the actual cause of the damage, but confine ourselves to the issue which goes only to the point of deciding whether, under the contract of carriage, the proof in these cases is sufficient to charge the appellee with liability for it.

Both decrees are affirmed.